EMILY S. BARRY, Respondent, *v.* DANIEL T. SMITH, Appellant.

*Landlord and tenant — agreement by a quarry-worker to pay the landowner a specified part of the proceeds of the stone produced — summary proceedings for - dispossession — thirty days' notice.*

The relation of landlord and tenant, under a tenancy at will, with a money rent, is created, within the meaning of the provisions of the Code of Civil Procedure in relation to summary proceedings for the dispossession of tenants, by an agreement between the owner of land and the worker of a quarry thereon, whereby the quarry worker takes the stone produced under an obligation to pay a specified part of the proceeds thereof as rent to the landowner.

*Quære*, whether an occupancy on shares, without a term named in the agreement, can be terminated by a thirty days' notice.

APPEAL by the defendant, Daniel T. Smith, from a final order of the county judge of Rockland county, entered in the office of the clerk of that county on the 7th day of November, 1892, awarding to the petitioner the possession of the premises described in the petition in a proceeding for the summary dispossession of a tenant.

The petition was as follows, omitting the particular description of the premises :

" To Hon. GEORGE W. WEIANT,
     " *County Judge of Rockland County.*

" The subscriber applies for process and proceedings to remove Daniel T. Smith, the tenant and occupant of the premises hereinafter described, on the grounds set forth in the following petition.

" Dated *September 27th,* 1892.         EMILY S. BARRY.

" STATE OF NEW YORK, }
  " *County of Rockland.* }

" The petition of Emily S. Barry respectfully alleges and shows : that on or about the 25th day of November, 1885, your petitioner let and rented unto Daniel T. Smith, during the will and pleasure of your petitioner, a lot of land situated in the town of Orangetown, in the said County of Rockland, on the west side of the public road, leading from Nyack to Piermont, and more particularly described as follows, * * * and that the said Daniel T. Smith held and occupied the said premises as the tenant at will of your petitioner until the expiration of such tenancy as hereinafter mentioned.

" And your petitioner further alleges that she caused notice in writing to be served on the said Daniel T. Smith, which was served on him personally by delivering the said notice to him and leaving the same with him on the 29th day of July, 1892, requiring the said Daniel T. Smith to remove from the said premises on or before the first day of September, 1892, that the time within which the said Daniel T. Smith was required so to remove has expired, and that the said Daniel T. Smith holds over and continues in possession of said premises after the expiration of such time without the permission of your petitioner, his landlord.

" Therefore, your petitioner prays for a final order to remove the said Daniel T. Smith from said premises and your petitioner will ever pray.

" Dated NYACK, N. Y., *September 27th,* 1892.

                      "EMILY S. BARRY."

*John J. Mead,* for the appellant.

*William E. Gowdey,* for the respondent.

BARNARD, P. J. :

The plaintiff is the owner of a piece of land upon which there is a stone quarry. The defendant at first worked the quarry at half wages, and the product to be equally divided. This arrangement was changed intó one by which the defendant should return to the owner one-fifth of the proceeds. The stones were sold by defendant and the proceeds collected by him, and the stones belonged to the defendant, with an obligation to pay one-fifth to the landlord.

The only controversy is, therefore, one of technical terms. The plaintiff and her witness say that it was mentioned that the one-fifth proceeds was for rent. The defendant says the same, except that the term "rent" was not used. The question whether the occupancy was under a technical relation of landlord and tenant was very much debated, and the decisions did not entirely harmonize. The question is now set at rest by the act of the Legislature. By section 2232 of the Code, occupancy on shares comes within the act for summary dispossession of tenants. Under this section, such a tenancy exists as can be reached under the act to dispossess tenants who fail to pay rent, or who continue after their term has expired. The Code also provides that a tenancy at will may be terminated by dispossession of the tenant if he hold over after the termination of his notice to quit. The evidence is so clear that the letting was for rent and not for a share, but was only limited to one-fifth by way of arriving at a sum, that the question whether an occupancy on shares without a term named in the agreement can be terminated by the thirty days' notice, need not be decided.

If it was a money rent which was received, the case was made out for dispossession, and the judgment should be affirmed, with costs.

PRATT, J., concurred.

Judgment affirmed, with costs.